# Exhibit A

 

April 14, 2026

Tony Evers
Governor, State of Wisconsin
115 East, State Capitol
Madison, WI 53702

Dan Hereth
Secretary, Wisconsin Department of Safety and Professional Services
4822 Madison Yards Way
Madison, WI 53705

Jessica Bowers
Chair, Marriage and Family Therapy, Professional Counseling, and Social Work
Examining Board
4822 Madison Yards Way
Madison, WI 53705

**RE:** **Demand for Immediate Written Confirmation of Non-Enforcement and Prompt Repeal of Wis. Admin. Code § MPSW 20.02(25) in Light of *Chiles v. Salazar***

Dear Governor Evers, Secretary Hereth, and Chair Bowers:

This letter constitutes a formal demand on behalf of the Wisconsin Institute for Law & Liberty (WILL), Wisconsin Family Action, and WILL's client, Joy Buchman, a Christian counselor in La Crosse who is currently in litigation against La Crosse over its ordinance banning so-called "conversion therapy." *Buchman v. La Crosse*, Case No. 23-CV-105 (W.D. Wis., filed Feb. 15, 2023). In light of the United States Supreme Court's decision in *Chiles v. Salazar*, Wis. Admin. Code. § MPSW 20.02(25), like La Crosse's ordinance, is unconstitutional and unenforceable. Accordingly, the Department of Safety and Professional Services ("DSPS") and the Marriage and Family Therapy, Professional Counseling, and Social Work Examining Board ("the Board") must immediately cease enforcement of the rule and commence the formal repeal process. A copy of that opinion is attached for your convenience.

## I.  Wisconsin's Regulation

The Wisconsin regulation, Wis. Admin. Code § MPSW 20.02(25) purports to declare it "unprofessional conduct" for any Board licensee to:

"Employ[ ] or promot[e] any intervention or method that has the purpose of attempting to change a person's sexual orientation or gender identity, including attempting to change behaviors or expressions of self or to reduce sexual or romantic attractions or feelings toward individuals of the same gender."

The rule also contains narrow exceptions and substantively mirrors the Colorado statute which was challenged in *Chiles.* The full Wisconsin regulation text is below alongside the Colorado law that was found unconstitutional in *Chiles*:

| Wisconsin's Regulation | Colorado's Law[1] |
|---|---|
| Employing or promoting any intervention or method that has the purpose of attempting | (a)"Conversion therapy" means any practice or treatment by a licensee, registrant, or certificate holder that attempts or purports |
| to change a person's sexual orientation or gender identity, including attempting to change behaviors or expressions of self or to reduce sexual or romantic attractions or feelings toward individuals of the same gender. | to change an individual's sexual orientation or gender identity, including efforts to change behaviors or gender expressions or to eliminate or reduce sexual or romantic attraction or feelings toward individuals of the same sex. |
| This does not include counseling | (b) "Conversion therapy" does not include practices or treatments that provide: |
| that assists a client who is seeking to undergo a gender transition or who is in the process of undergoing a gender transition, | (II) Assistance to a person undergoing gender transition. |
| or counseling that provides a client with | |
| acceptance, support, understanding, or that facilitates a client's coping, social support, and identity exploration or development. Nor does it include counseling in the form of sexual orientation-neutral or gender identity-neutral interventions provided for the purpose of preventing or addressing unlawful conduct or unsafe sexual practices, so long as the counseling is not provided for the purpose of attempting to change the client's sexual orientation or gender identity. | (I) Acceptance, support, and understanding for the facilitation of an individual's coping, social support, and identity exploration and development, including sexual-orientation-neutral interventions to prevent or address unlawful conduct or unsafe sexual practices, as long as the counseling does not seek to change sexual orientation or gender identity |

The Legislature recognized the issues created by the Wisconsin regulation and suspended the rule so it could not be enforced. Governor Evers nonetheless pushed the rule through and used this unconstitutional rule as part of a legal action to

---

[1] Colo. Rev. Stat. § 12-245-202(3.5) (note the order of subsections (I) and (II) has been flipped for ease of comparison)

eliminate legislative oversight. The *Chiles* case is a vindication for the legislature which sought to protect the people of Wisconsin from this unconstitutional regulation.

## II. *Chiles v. Salazar*

In *Chiles*, the Supreme Court held that Colorado's substantively identical statute was unconstitutional. The Court emphasized that the challenged Colorado statute regulated speech, not conduct, noting that "speech [does not] become conduct just because it can also be described as a 'treatment,' a 'therapeutic modality,' or anything else. The First Amendment is no word game." And the Court further explained: "[t]he fact that the State's viewpoint regulation targets only licensed healthcare professionals like Ms. Chiles changes nothing."

The Supreme Court ultimately held that Colorado's law amounted to "viewpoint discrimination," which it described as the "most blatant" kind of First Amendment violation. In a concurrence, Justice Kagan called this "the most suspect of all speech regulations." And, after so holding, the Court struck down the law without even applying strict scrutiny. *See* Op. 23.

Because Wisconsin's rule is substantively identical, it suffers from the exact same viewpoint-based discrimination that rendered Colorado's statute unconstitutional. Thus, the regulation is also unconstitutional and unenforceable.

## III.   Demand for Relief

In light of *Chiles v. Salazar*, we demand the following immediate action:

1. Written confirmation, within seven (7) calendar days of receipt of this letter, that DSPS and the Board will not enforce Wis Admin Code § 20.02(25);

2. Initiation of formal repeal proceedings under Wis. Stat. Ch. 227, within thirty (30) days of receipt of this letter, with a commitment to expedite the repeal to the fullest extent permitted by law; and

3. Notification to all current licensees, via the DSPS website and direct messages wherever possible, that the rule will not be enforced

Failure to provide written confirmation and commence the repeal within the timeline above will leave us with no choice but to pursue all available legal remedies, including but not limited to filing suit in state and/or federal court seeking declaratory and injunctive relief, nominal damages, and attorney fees. Further, any state employee enforcing this rule would face personal liability for enforcing this regulation, as such conduct would violate a clearly established constitutional right. *See Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

We trust you will act promptly and in accordance with the Constitution and binding precedent of the United States Supreme Court. Please direct all responses and confirmations to the undersigned at the contact information below.

Sincerely,

Wisconsin Institute for
Law & Liberty, Inc.

Wisconsin Family Action

Dan Lennington
Luke N. Berg
1241 Franklin Place
Milwaukee, WI 53202
Luke@will-law.org
Dan@will-law.org

Daniel Degner, Executive Director
P.O. Box 7486
Madison, WI 53707
DDegner@wifamilyaction.org

Cc:        Wisconsin Attorney General Josh Kaul