# Exhibit B



# Tony Evers

Office of the Governor | State of Wisconsin

May 5, 2026

Wisconsin Institute for Law & Liberty, Inc.
1241 Franklin Place
Milwaukee, WI 53202
Luke@will-law.org
Dan@will-law.org

Wisconsin Family Action
P.O. Box 7486
Madison, WI 53707
DDegner@wifamilyaction.org

***VIA EMAIL AND U.S. MAIL***

Greetings, Wisconsin Institute for Law & Liberty and Wisconsin Family Action:

I am in receipt of your April 14 letter concerning the U.S. Supreme Court's recent decision in *Chiles v. Salazar*, 146 S. Ct. 1010 (2026), demanding that Wisconsin repeal its conversion therapy ban. I write today to inform you that my administration has no intention of repealing Wisconsin's conversion therapy ban.

It is disappointing your right-wing advocacy organization wasted no time enthusiastically taking up the mantle to restore a long-disavowed and outdated practice that decades of scientific and medical research has demonstrated is, at best, ineffective and, at worst, dangerous, because it substantially increases risks for depression, suicidality, substance misuse, posttraumatic stress, and anxiety, among a variety of other harmful impacts. Surely, the harmful effects of conversion therapy should have compelled Wisconsin Institute for Law & Liberty and Wisconsin Family Action not to pursue this effort.

On the other hand, this should come as no surprise. After all, bullying LGBTQ kids and Wisconsinites seems to be an important goal for Wisconsin Institute for Law & Liberty and Wisconsin Family Action.

In any case, your demand for Wisconsin to stop enforcing its conversion therapy ban relies on a significant misreading of the U.S. Supreme Court's recent decision in *Chiles*. Your letter, for example, erroneously suggests that "the Supreme Court held that Colorado's substantively identical statute is unconstitutional." There are two major problems with that claim.

Office of the Governor ♦ PO Box 7863 Madison, WI 53707
(608) 266–1212 ♦ www.evers.wi.gov

First, the Court intentionally—and specifically—stopped short of striking down any applications of Colorado's law.  Instead, it declared that a "more searching scrutiny" than rational basis review was warranted for certain applications, remanding the case to the lower court to apply that scrutiny. Repeal before that occurs would be premature.

Second, *Chiles* expressly held that heightened scrutiny applies only to certain applications of Colorado's law, not the entire provision. Specifically, the case concerned only Colorado's conversion therapy prohibition as it applied to talk therapy—not to other treatment, such as physical or medication interventions. As the court recognized, the petitioner had conceded

> the <u>statute has many valid applications</u>. Indeed, [she] did not take issue with Colorado's effort to ban what she herself calls 'long-abandoned, aversive' physical interventions. Instead, Ms. Chiles objected to Colorado's law <u>only as it applies to her talk therapy</u>, therapy that involves no physical interventions or medications, only the spoken word.

*Chiles v. Salazar,* 146 S. Ct. 1010 (emphasis added).

Like Colorado's conversion therapy ban, Wis. Admin. Code § MPSW 20.02(25) covers much more than just talk therapy, and so it undoubtedly continues to have many valid applications, even after *Chiles*. The Marriage and Family Therapy, Professional Counseling and Social Work Examining Board will maintain the rule and continue to enforce its valid applications, in order to protect Wisconsinites from harmful and offensive practices by Board licensees.

Nevertheless, because *Chiles* is continuing in the lower courts, the Department of Safety and Professional Services has asked the Legislative Reference Bureau to add the following note to MPSW 20.02(25), which LRB confirmed will be published on June 1, 2026:

> **Note:** Certain instances of the unprofessional conduct addressed in the above provision (MPSW 20.02(25)) are the subject of ongoing litigation which has been remanded from the U.S. Supreme Court to the U.S. Court of Appeals for the Tenth Circuit for further proceedings.  *See Chiles v. Salazar,* 607 U.S. ___ (2026).

Cordially,

Tony Evers
Governor

Cc:    Wisconsin Attorney General Josh Kaul
       Secretary Dan Hereth, Wisconsin Department of Safety and Professional Services
       Chair Jessica Bowers, Marriage and Family Therapy, Professional Counseling, and
            Social Work Examining Board