IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

TERRI KOSCHNICK, et al.,

      Plaintiffs,

    v.                           Case No. 26-CV-0833-BHL

TONY EVERS, et al.,

      Defendants.

## DEFENDANTS' ANSWER

Defendants Tony Evers, Jessica Bowers, Christopher J. Webster, Joshua R. Lee, C. Terrance Erickson, Ann Glavan, Shawna R. Hansen, Sheng Lee Yang, Marietta Luster, Nick M. Raef, Andrea L. Simon, Tim. R. Strait, and Patrick Strumbas respond to Plaintiffs' complaint (Dkt. 1) as follows.[1]

### INTRODUCTION

1.    Defendants ADMIT that the U.S. Supreme Court issued an opinion in *Chiles v. Salazar*, 146 S. Ct. 1010 (2026) that contains the quoted language, affirmatively allege that the plaintiff in *Chiles* "did not dispute that the statute has many valid applications," *id.* at 1018, affirmatively ALLEGE that the Supreme Court remanded the case for a determination of whether the

---

[1] Defendant Dan Hereth has filed a separate motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Colorado law at issue satisfied strict scrutiny when applied to conversion talk "therapy," and DENY the remainder of this paragraph.

2. Defendants ADMIT that the Colorado law at issue in *Chiles* barred the practice of conversion "therapy" with minors, included exceptions for therapy providing "acceptance, support, and understanding" of LGBTQ+ youth, and forbade "therapy" that sought to change a minor's sexual orientation, gender identity, behaviors, or gender expression, affirmatively allege that the plaintiff in *Chiles* "did not dispute that the statute has many valid applications," *id.* at 1018, affirmatively ALLEGE that the practice of conversion "therapy" is harmful to LGBTQ+ children, and DENY the remainder of the paragraph.

3. Defendants lack knowledge and information sufficient to form a belief about the practices and beliefs of the plaintiff in *Chiles*, or of the beliefs and wishes of her patients, and therefore DENY.

4. Defendants ADMIT that the U.S. Supreme Court issued an opinion in *Chiles v. Salazar*, 146 S. Ct. 1010 (2026) that contains the quoted language, affirmatively allege that the plaintiff in *Chiles* "did not dispute that the statute has many valid applications," *id.* at 1018, affirmatively ALLEGE that the Supreme Court remanded the case for a determination of whether the Colorado law at issue satisfied strict scrutiny as applied to conversion talk "therapy," and DENY the remainder of this paragraph.

5. Defendants ADMIT that Wis. Admin. Code MPSW § 20.02(25) (which Plaintiffs refer to as the "Rule") exists, ADMIT that it addresses some of the same professional conduct as the Colorado law at issue in *Chiles*, and DENY the remainder of this paragraph.

6. Defendants DENY.

7. Defendants ADMIT that as of July 13, 2026, Plaintiffs had active licenses, ADMIT that Plaintiffs seek declaratory and injunctive relief, and DENY the remainder of this paragraph.

## PARTIES

8. Defendants ADMIT that Koschnick is licensed, ADMIT that Koschnick's license is issued by the Department on behalf of the Marriage and Family Therapy, Professional Counseling, and Social Work Examining Board ("Board"), DENY any implication that the Department unilaterally decides whether to issue such licenses, affirmatively ALLEGE that the Board, not the Department, possesses the statutory authority to determine whether to issue or deny a license, and lack knowledge and information sufficient to form a belief as to this paragraph and therefore DENY.

9. Defendants ADMIT that Buchman is licensed, ADMIT that Koschnick's license is issued by the Department on behalf of the Board, DENY any implication that the Department unilaterally decides whether to issue such licenses, affirmatively ALLEGE that the Board, not the Department,

3

possesses the statutory authority to determine whether to issue or deny a license, and lack knowledge and information sufficient to form a belief as to this paragraph and therefore DENY.

10. Defendants ADMIT the allegations in this paragraph except as to the allegation that Defendant Tony Evers "oversee[s]" the Department, which Defendants DENY to the extent it implies that Evers exercises any authority over the Department beyond the authority granted Wis. Stat. ch. 15, and except as to the allegation that Evers "directed his administration to continue enforcing the Rule" in the letter, which Defendants DENY.

11. Defendants ADMIT that Hereth is the Secretary of the Wisconsin Department of Safety and Professional Services, ADMIT that the Department (though not Hereth) processes "complaints related to the Rule," and affirmatively ALLEGE that the Marriage and Family Therapy, Professional Counseling, and Social Work Examining Board is solely responsible for adjudicating "complaints related to the Rule" with no oversight by or involvement from Hereth, *see* Wis. Stat. §§ 15.03, 15.08, 15.405(7c).

12. Defendants ADMIT.

**JURISDICTION AND VENUE**

13. Defendants ADMIT.

14. Defendants ADMIT.

4

15. Defendants ADMIT that the Department issued Koschnick's and Buchman's licenses on the Board's behalf, DENY any implication that the Department unilaterally decides whether to issue such licenses, DENY that the Department "oversees the Board" beyond the limited purposes stated in Wis. Stat. § 15.03 ("budgeting, program coordination, and related management functions"), and affirmatively ALLEGE that the Board, not the Department, possesses the statutory authority to determine whether to issue or deny a license.

16. Defendants ADMIT.

17. Defendants ADMIT that this paragraph contains an accurate quotation of a portion of the Rule.

18. Defendants ADMIT that this paragraph contains an accurate quotation of a portion of the Rule, ADMIT that the Rule contains exceptions, and DENY the remainder.

19. Defendants ADMIT that the Rule does not define these terms and affirmatively ALLEGE that these terms carry meanings commonly ascribed to them in the professional healthcare context.

20. Defendants ADMIT that violations of the Rule may carry consequences as described, affirmatively allege that the plaintiff in *Chiles* "did not dispute that the statute has many valid applications," *Chiles*, 146 S. Ct. at

1018, affirmatively ALLEGE that the Board has received no complaints under the Rule related to the practice of conversion talk "therapy," affirmatively ALLEGE that the Board will take no disciplinary action under the Rule against any license holder based on any talk "therapy" provided before the district court's decision on remand in *Chiles*, and affirmatively ALLEGE that if that court holds Colorado's rule unconstitutional as applied to conversion talk "therapy," the Board will commence a rulemaking project to make any needed revisions to the rule.

21. Defendants ADMIT that Plaintiffs' counsel sent the letter attached as Exhibit A to their complaint but DENY the Rule is "unconstitutional and unenforceable."

22. Defendants ADMIT that Plaintiffs' counsel sent the letter attached as Exhibit A to their complaint and DENY that "the Rule is unconstitutional and unenforceable."

23. Defendants ADMIT that Defendant Tony Evers sent the letter attached as Exhibit B to Plaintiffs' complaint, ADMIT that it contained the quoted phrases, and DENY that the letter contained "inflammatory, baseless allegations."

24. Defendants DENY that the Rule is "unconstitutional," DENY that any actions are "required" of them, affirmatively allege that the plaintiff in *Chiles* "did not dispute that the statute has many valid applications," *Chiles*,

146 S. Ct. at 1018, affirmatively ALLEGE that the Board has received no complaints under the Rule related to the practice of conversion talk "therapy," affirmatively ALLEGE that the Board will take no disciplinary action under the Rule against any license holder based on any talk "therapy" provided before the district court's decision on remand in *Chiles*, and affirmatively ALLEGE that if that court holds Colorado's rule unconstitutional as applied to conversion talk "therapy," the Board will commence a rulemaking project to make any needed revisions to the rule.

## CAUSES OF ACTION

### CLAIM ONE

25. Defendants incorporate by reference all preceding responses to Plaintiffs' allegations.

26. Defendants ADMIT that 42 U.S.C. § 1983 contains the quoted language and deny any implication that they are violating the law.

27. Defendants ADMIT that *Riley v. National Federation of the Blind of N.C., Inc.*, 487 U.S. 781, 791 (1988), contains the quoted language and deny any implication that they are violating the law.

28. Defendants ADMIT that *Reed v. Town of Gilbert*, 576 U.S. 155 (2015), contains the quoted language and deny any implication that they are violating the law.

7

29. Defendants ADMIT that *Rosenberger v. Rector and Visitors of University of Virginia*, 515 U.S. 819 (1995), contains the quoted language and deny any implication that they are violating the law.

30. Defendants DENY that "[t]hese clauses apply to the States via the Fourteenth Amendment" on the ground that the referents of "[t]hese clauses" are unclear. Defendants ADMIT that the First Amendment is incorporated against the States via the Fourteenth Amendment and deny any implication that they are violating the law.

31. Defendants lack knowledge and information sufficient to form a belief as to this paragraph and therefore DENY.

32. Defendants lack knowledge and information sufficient to form a belief as to this paragraph and therefore DENY.

33. Defendants lack knowledge and information sufficient to form a belief as to this paragraph and therefore DENY.

34. Defendants lack knowledge and information sufficient to form a belief as to this paragraph and therefore DENY.

35. Defendants lack knowledge and information sufficient to form a belief as to this paragraph and therefore DENY.

36. Defendants lack knowledge and information sufficient to form a belief as to this paragraph and therefore DENY, affirmatively allege that the plaintiff in *Chiles* "did not dispute that the statute has many valid

8

applications," *Chiles*, 146 S. Ct. at 1018, affirmatively ALLEGE that the Board has received no complaints under the Rule related to the practice of conversion talk "therapy," affirmatively ALLEGE that the Board will take no disciplinary action under the Rule against any license holder based on any talk "therapy" provided before the district court's decision on remand in *Chiles*, and affirmatively ALLEGE that if that court holds Colorado's rule unconstitutional as applied to conversion talk "therapy," the Board will commence a rulemaking project to make any needed revisions to the rule.

37. Defendants lack knowledge and information sufficient to form a belief as to this paragraph and therefore DENY, affirmatively ALLEGE that the plaintiff in *Chiles* "did not dispute that the statute has many valid applications," *id.* at 1018, affirmatively ALLEGE that the Board has received no complaints under the Rule related to the practice of conversion talk "therapy," affirmatively ALLEGE that the Board will take no disciplinary action under the Rule against any license holder based on any talk "therapy" provided before the district court's decision on remand in *Chiles*, and affirmatively ALLEGE that if that court holds Colorado's rule unconstitutional as applied to conversion talk "therapy," the Board will commence a rulemaking project to make any needed revisions to the rule.

9

38. Defendants DENY, affirmatively allege that the plaintiff in *Chiles* "did not dispute that the statute has many valid applications," *id.* at 1018, affirmatively ALLEGE that the Board has received no complaints under the Rule related to the practice of conversion talk "therapy," affirmatively ALLEGE that the Board will take no disciplinary action under the Rule against any license holder based on any talk "therapy" provided before the district court's decision on remand in *Chiles*, and affirmatively ALLEGE that if that court holds Colorado's rule unconstitutional as applied to conversion talk "therapy," the Board will commence a rulemaking project to make any needed revisions to the rule.

39. Defendants ADMIT that the Rule prohibits certain forms of conversion "therapy," affirmatively ALLEGE that the practice of conversion "therapy" is harmful to LGBTQ+ children, affirmatively allege that the plaintiff in *Chiles* "did not dispute that the statute has many valid applications," *id.* at 1018, affirmatively ALLEGE that the Board has received no complaints under the Rule related to the practice of conversion talk "therapy," affirmatively ALLEGE that the Board will take no disciplinary action under the Rule against any license holder based on any talk "therapy" provided before the district court's decision on remand in *Chiles*, and affirmatively ALLEGE that if that court holds Colorado's rule unconstitutional

as applied to conversion talk "therapy," the Board will commence a rulemaking project to make any needed revisions to the rule.

40. Defendants ADMIT that they have not been asked in any court to defend the Rule's constitutionality and DENY any implication that they have been required to do so.

41. Defendants lack knowledge and information sufficient to form a belief as to Plaintiffs' counseling practices and therefore DENY, DENY that "[t]he Rule is causing continuing and substantial harm to Plaintiffs," affirmatively ALLEGE that the plaintiff in *Chiles* "did not dispute that the statute has many valid applications," *id.* at 1018, affirmatively ALLEGE that they have received no complaints under the Rule related to the practice of conversion talk "therapy," and affirmatively ALLEGE that should they receive such a complaint before the district court's decision on remand in *Chiles*, they will not act on it.

## CLAIM TWO

42. Defendants incorporate by reference all preceding responses to Plaintiffs' allegations.

43. Defendants ADMIT that the First Amendment contains the quoted language.

44. Defendants ADMIT.

45. Defendants lack knowledge and information sufficient to form a belief as to this paragraph and therefore DENY.

46. Defendants lack knowledge and information sufficient to form a belief as to this paragraph and therefore DENY, affirmatively allege that the plaintiff in *Chiles* "did not dispute that the statute has many valid applications," *id.* at 1018, affirmatively ALLEGE that the Board has received no complaints under the Rule related to the practice of conversion talk "therapy," affirmatively ALLEGE that the Board will take no disciplinary action under the Rule against any license holder based on any talk "therapy" provided before the district court's decision on remand in *Chiles*, and affirmatively ALLEGE that if that court holds Colorado's rule unconstitutional as applied to conversion talk "therapy," the Board will commence a rulemaking project to make any needed revisions to the rule.

47. Defendants lack knowledge and information sufficient to form a belief as to this paragraph and therefore DENY.

48. Defendants lack knowledge and information sufficient to form a belief as to this paragraph and therefore DENY.

49. Defendants lack knowledge and information sufficient to form a belief as to this paragraph and therefore DENY, affirmatively allege that the plaintiff in *Chiles* "did not dispute that the statute has many valid applications," *id.* at 1018, affirmatively ALLEGE that the Board has received

no complaints under the Rule related to the practice of conversion talk "therapy," affirmatively ALLEGE that the Board will take no disciplinary action under the Rule against any license holder based on any talk "therapy" provided before the district court's decision on remand in *Chiles*, and affirmatively ALLEGE that if that court holds Colorado's rule unconstitutional as applied to conversion talk "therapy," the Board will commence a rulemaking project to make any needed revisions to the rule.

50. Defendants lack knowledge and information sufficient to form a belief as to this paragraph and therefore DENY, affirmatively allege that the plaintiff in *Chiles* "did not dispute that the statute has many valid applications," *id.* at 1018, affirmatively ALLEGE that the Board has received no complaints under the Rule related to the practice of conversion talk "therapy," affirmatively ALLEGE that the Board will take no disciplinary action under the Rule against any license holder based on any talk "therapy" provided before the district court's decision on remand in *Chiles*, and affirmatively ALLEGE that if that court holds Colorado's rule unconstitutional as applied to conversion talk "therapy," the Board will commence a rulemaking project to make any needed revisions to the rule.

51. Defendants lack knowledge and information sufficient to form a belief as to this paragraph and therefore DENY, affirmatively allege that the plaintiff in *Chiles* "did not dispute that the statute has many valid applications," *id.* at 1018, affirmatively ALLEGE that the Board has received no complaints under the Rule related to the practice of conversion talk "therapy," affirmatively ALLEGE that the Board will take no disciplinary action under the Rule against any license holder based on any talk "therapy" provided before the district court's decision on remand in *Chiles*, and affirmatively ALLEGE that if that court holds Colorado's rule unconstitutional as applied to conversion talk "therapy," the Board will commence a rulemaking project to make any needed revisions to the rule.

52. Defendants lack knowledge and information sufficient to form a belief as to this paragraph and therefore DENY, affirmatively allege that the plaintiff in *Chiles* "did not dispute that the statute has many valid applications," *id.* at 1018, affirmatively ALLEGE that the Board has received no complaints under the Rule related to the practice of conversion talk "therapy," affirmatively ALLEGE that the Board will take no disciplinary action under the Rule against any license holder based on any talk "therapy" provided before the district court's decision on remand in *Chiles*, and affirmatively ALLEGE that if that court holds Colorado's rule unconstitutional

as applied to conversion talk "therapy," the Board will commence a rulemaking project to make any needed revisions to the rule.

53. Defendants DENY.

54. Defendants DENY.

55. Defendants DENY.

## CLAIM THREE

56. Defendants incorporate by reference all preceding responses to Plaintiffs' allegations.

57. Defendants ADMIT the Fourteenth Amendment contains the quoted language.

58. Defendants ADMIT.

59. Defendants ADMIT that the Rule is subject to strict scrutiny as applied to conversion talk "therapy" under *Chiles* and DENY the remainder.

60. Defendants ADMIT that the Board may impose consequences for violations of the Rule, affirmatively allege that the plaintiff in *Chiles* "did not dispute that the statute has many valid applications," *id.* at 1018, affirmatively ALLEGE that the Board has received no complaints under the Rule related to the practice of conversion talk "therapy," affirmatively ALLEGE that the Board will take no disciplinary action under the Rule against any license holder based on any talk "therapy" provided before the district court's decision on remand in *Chiles*, and affirmatively ALLEGE that if that court holds

15

Colorado's rule unconstitutional as applied to conversion talk "therapy," the Board will commence a rulemaking project to make any needed revisions to the rule.

61. Defendants DENY.

62. Defendants ADMIT that the Rule contains the quoted language and DENY the remainder.

63. Defendants DENY.

64. Defendants DENY.

65. Defendants DENY.

66. Defendants DENY, affirmatively allege that the plaintiff in *Chiles* "did not dispute that the statute has many valid applications," *id.* at 1018, affirmatively ALLEGE that the Board has received no complaints under the Rule related to the practice of conversion talk "therapy," affirmatively ALLEGE that the Board will take no disciplinary action under the Rule against any license holder based on any talk "therapy" provided before the district court's decision on remand in *Chiles*, and affirmatively ALLEGE that if that court holds Colorado's rule unconstitutional as applied to conversion talk "therapy," the Board will commence a rulemaking project to make any needed revisions to the rule.

# REQUEST FOR RELIEF

Defendants DENY that Plaintiffs are entitled to any relief whatsoever.

Dated this 27th day of July 2026.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

s/ Aaron J. Bibb
AARON J. BIBB
Assistant Attorney General
State Bar #1104662

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-0810
(608) 294-2907 (Fax)
aaron.bibb@wisdoj.gov

## CERTIFICATE OF SERVICE

I certify that on July 27, 2026, I electronically filed the foregoing Defendants' Answer with the clerk of court using the CM/ECF system, which will accomplish electronic notice and service for all participants who are registered CM/ECF users.

Dated this 27th day of July 2026.

s/ Aaron J. Bibb
AARON J. BIBB
Assistant Attorney General
