IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

TERRI KOSCHNICK, et al.,

      Plaintiffs,

    v.                             Case No. 26-CV-0833-BHL

TONY EVERS, et al.,

      Defendants.

## DEFENDANT DAN HERETH'S MOTION TO DISMISS

Defendant Dan Hereth, the Secretary of the Wisconsin Department of Safety and Professional Services, moves to dismiss Plaintiffs' claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6). No memorandum or other papers will be filed in support of this motion.

The administrative rule Plaintiffs challenge in this action is promulgated and enforced by an examining board (and its individual sections), which is attached to the Department only for limited purposes. Dan Hereth, the Department's Secretary, has nothing to do with promulgation or enforcement of the rule. Plaintiffs' claims against Hereth should therefore be dismissed.

# BACKGROUND

The rule at issue bans therapists, counselors, and social workers from "[e]mploying or promoting any intervention or method that has the purpose of attempting to change a person's sexual orientation or gender identity or promoting any intervention or method that has the purpose of attempting to change a person's sexual orientation or gender identity," a practice known as "conversion therapy."[1] (Dkt. 1 ¶¶ 2, 5; Wis. Admin. MPSW § 20.02(25).) Plaintiffs, a therapist and a counselor who allege they engage in such practices, contend that the rule violates their constitutional rights. (Dkt. 1 ¶¶ 8–9, 25–66.) They seek a declaratory relief and "an injunction permanently enjoining Defendants from enforcing the [r]ule." (Dkt. 1:15.)

Licensing of therapists, counselors, and social workers is overseen by the Marriage and Family Therapy, Professional Counseling, and Social Work Examining Board or its individual sections. Wis. Stat. § 15.405(7c). As part of its authority over licensing, the Board and its sections are empowered to promulgate and enforce rules governing their professions. Wis. Stat. § 15.08(5)(b). The Board and its sections are also empowered to discipline credential holders who violate its rules. Wis. Stat. §§ 15.08(5)(c), 15.405(7c)(c).

---

[1] The allegations in Plaintiffs' complaint are taken as true for the purpose of a motion to dismiss under Rule 12(b)(6). *Berk v. Choy*, 607 U.S. 187, 193 (2026).

2

The Board is attached to the Department as "a distinct unit" and "exercise[s] its powers, duties and functions . . . including rule making, licensing and regulation . . . independently of the head of the department." Wis. Stat. § 15.03. A department has only "limited power, authority, [and] control" over such a board. *Sunnyview Village Inc. v. DOA*, 104 Wis. 2d 396, 404, 311 N.W.2d 632 (1981).

## ARGUMENT

The Eleventh Amendment to the United States Constitution protects Wisconsin and its officials from being sued without their consent except as abrogated by Congress. *Vir. Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). Under an exception to that doctrine recognized in *Ex parte Young*, 209 U.S. 123 (1908), sovereign immunity does not protect a state official who enforces an unconstitutional law. *Stewart*, 563 U.S. at 254.

As the Department's secretary, Hereth is entirely disconnected from the Board's exercise of its rulemaking and enforcement powers. Wis. Stat. § 15.03. Plaintiffs do not allege in their complaint that Hereth is personally involved in any way with the promulgation or enforcement of the challenged rule, nor do they allege that he has acted or threatened to interfere with the Board's rulemaking or enforcement authority, which would be in excess of his statutory powers. Plaintiffs' claims against Hereth are thus barred by the Eleventh Amendment, and this Court should therefore dismiss those claims. *See, e.g.*,

3

*Reeder v. Madigan*, 780 F.3d 799, 806 (7th Cir. 2015) (recognizing that *Ex parte Young* does not overcome immunity of a defendant who does not enforce challenged legislation).

Dated this 27th day of July 2026.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

s/ Aaron J. Bibb
AARON J. BIBB
Assistant Attorney General
State Bar #1104662

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-0810
(608) 294-2907 (Fax)
aaron.bibb@wisdoj.gov

4

## CERTIFICATE OF SERVICE

I certify that on July 27, 2026, I electronically filed the foregoing Defendant Dan Hereth's Motion to Dismiss with the clerk of court using the CM/ECF system, which will accomplish electronic notice and service for all participants who are registered CM/ECF users.

Dated this 27th day of July 2026.


s/ Aaron J. Bibb
AARON J. BIBB
Assistant Attorney General