# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

TERRI KOSCHNICK, et al.,

      Plaintiffs,

      v.                              Case No. 26-CV-0833-BHL

TONY EVERS, et al.,

      Defendants.

## DEFENDANTS' MOTION TO STAY PROCEEDINGS

Defendants move to stay all deadlines in this case pending the district court's final decision in *Chiles v. Salazar*, no. 22-CV-2287 (D. Colo.) pursuant to this Court's inherent authority to control its docket. No memorandum or other papers will be filed in support of this motion.

This action challenges a rule banning "conversion therapy" promulgated by the Marriage and Family Therapy, Professional Counseling, and Social Work Examining Board, which is attached to the Wisconsin Department of Safety and Professional Services for limited purposes. On remand from the U.S. Supreme Court, the District Court for the District of Colorado is considering the key constitutional question raised by Plaintiffs' complaint: whether such a rule complies with strict scrutiny as applied to talk therapy. In the meantime, the Board is not enforcing the rule against those involved in

only talk therapy pending the Colorado district court's decision, and the Board will commence a rulemaking project to make any needed changes to the rule if that court finds such an application unconstitutional. Accordingly, this Court should exercise its inherent authority and stay this case pending the Colorado district court's decision.

## BACKGROUND

Plaintiffs challenge the Board's rule as it applies to talk therapy. The Supreme Court recently held that a parallel Colorado rule is subject to strict scrutiny when applied to talk therapy. *Chiles v. Salazar*, 146 S. Ct. 1010 (2026). The Supreme Court did not hold that the rule was unconstitutional in such an application. Instead, the case has been remanded to the district court for that determination. *Chiles v. Salazar*, No. 22-1445, 2026 WL 1482983, at *1 (10th Cir. May 27, 2026).

The Board has received no complaints related to talk therapy under the rule since the Court's ruling in *Chiles*. (Bowers Dec. ¶ 5.) The Board will take no disciplinary action under the rule against any license holder for any talk therapy provided before the Colorado district court's decision on remand. (Bowers Dec. ¶ 6.) If the Colorado district court holds that Colorado's law fails strict scrutiny as applied to talk therapy, the Board will commence a rulemaking project to make any needed revisions to Wisconsin's rule. (Bowers Dec. ¶ 7.) In that case, the Board will continue to take no disciplinary action

2

under the rule against any license holder for any talk therapy that would otherwise violate the rule. (Bowers Dec. ¶ 8.)

## ARGUMENT

A federal district court has the inherent power to control its own docket to promote economy "for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). The court "has broad discretion to stay proceedings" under this power. *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

When two parallel cases are pending in separate federal district courts, "though no precise rule has evolved, the general principle is to avoid duplicative litigation." *Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976). Factors to be considered in a motion to stay include "(1) whether litigation is at an early stage; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Williams v. CashCall, Inc.*, 92 F. Supp. 3d 847, 856 (E.D. Wis. 2015) (citation omitted). Courts also consider "whether a stay will reduce the burden of litigation on the parties and on the court." *Fetai v. State Collection Serv., Inc.*, No. 18-CV-262, 2018 WL 11536801, at *3 (E.D. Wis. Dec. 14, 2018). Each of these factors weighs in favor of a stay.

First, the litigation is at a very early stage, as Plaintiffs filed their complaint barely two months ago. (Dkt. 1.)

3

Second, a stay will greatly simplify the issues here. If the Colorado district court holds Colorado's rule unconstitutional as applied to talk therapy, this case will be mooted, as the Board will commence a rulemaking project to make any needed revisions (while continuing not to take any disciplinary action under the rule based on talk therapy). And if that court upholds the rule, this Court and the parties will have the benefit of its reasoning in assessing the constitutionality of Wisconsin's rule.

Third, a stay would not prejudice or disadvantage Plaintiffs in any way. The Board will not enforce the rule's provision regarding talk therapy against Plaintiffs or any other licensees during the pendency of the Colorado action. If that court ultimately upholds the constitutionality of Colorado's rule, Plaintiffs are free to seek preliminary injunctive relief from this Court.

Fourth, a stay has great potential to reduce the burden of litigation, as the Colorado case has the potential to moot this case entirely.

Finally, although "a stay of indefinite duration in the absence of a pressing need" is an abuse of discretion, *Landis*, 299 U.S. at 255, a stay need not expire on a specific date so long as "the [parallel] proceeding will come to completion within a reasonably estimable time," *Adaptor, Inc. v. Sealing Systems, Inc.*, No. 09-CV-1070, 2010 WL 4236875, at *2 (E.D. Wis. Oct. 21, 2010). In the 12-month period ending December 31, 2025, the median time between filing and disposition of civil cases in the District of Colorado was 7.5

4

months.[1] This is far from an "indefinite duration." *See Adaptor, Inc.*, 2010 WL 4236875, at \*2 (statistics showing "average reexamination pendency of 25.4 months" show "that the proceeding will come to completion within a reasonably estimable time").

This Court should therefore stay this case pending the Colorado district court's final decision in *Chiles v. Salazar*.

Dated this 27th day of July 2026.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

s/ Aaron J. Bibb
AARON J. BIBB
Assistant Attorney General
State Bar #1104662

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-0810
(608) 294-2907 (Fax)
aaron.bibb@wisdoj.gov

---

[1] *Federal Court Management Statistics, December 2025*, United States Courts (last visited July 27, 2026), https://www.uscourts.gov/data-news/reports/statistical-reports/federal-court-management-statistics/federal-court-management-statistics-december-2025.

# CERTIFICATE OF SERVICE

I certify that on July 27, 2026, I electronically filed the foregoing Defendants' Motion to Stay Proceedings with the clerk of court using the CM/ECF system, which will accomplish electronic notice and service for all participants who are registered CM/ECF users.

Dated this 27th day of July 2026.

s/ Aaron J. Bibb
AARON J. BIBB
Assistant Attorney General