UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERRI KOSCHNICK AND JOY BUCHMAN,

Plaintiffs,

v.

Case No. 26-cv-0833-BHL

TONY EVERS, DAN HERETH, JESSICA BOWERS, CHRISTOPHER J. WEBSTER, JOSHUA R. LEE, C. TERRANCE ERICKSON, ANN GLAVAN, SHAWNA R. HANSEN, SHENG LEE YANG, MARIETTA LUSTER, NICK M. RAEF, ANDREA L. SIMON, TIM R. STRAIT, and PATRICK STUMBRAS, each in their official capacity,

Defendants.

**RESPONSE TO DEFENDANTS' MOTION TO STAY PROCEEDINGS**

On March 31, 2026, the U.S. Supreme Court issued its 8-1 ruling in *Chiles v. Salazar*, holding that a Colorado state statute dictating what counselors may say when speaking to their clients is subject to strict scrutiny and amounts to viewpoint discrimination, "'an egregious form of content discrimination' where First Amendment concerns are at their most 'blatant.'" 146 S. Ct. 1010, 1024 (2026) (quoting *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 829 (1995)). In remanding to the district court to apply strict scrutiny analysis, the Court previewed the probable end result, stating, "Under that test, it is rare that a regulation will ever be permissible." *Chiles*, 146 S. Ct. at 1021 (internal quotations omitted).

On May 12, 2026, Plaintiffs filed this lawsuit to challenge one such regulation: Wis. Admin. Code § MPSW 20.02(25) (the "Rule"), which is materially identical to the Colorado law in *Chiles* and effectively bans voluntary, client-driven talk therapy depending on the viewpoint expressed. *See* ECF No. 1. On July 27, 2026, Defendants filed a Motion to Stay, pending a Colorado district court's final ruling implementing *Chiles*. *See* ECF No. 11. However, a Motion to Stay is not appropriate, as waiting for that ruling would not simplify any issues in question in this case, may unduly prejudice Plaintiffs, and may not reduce the Parties' ultimate burden.

## I. LEGAL STANDARD

"District courts have broad discretion in determining whether to stay proceedings." *Williams v. CashCall, Inc.*, 92 F. Supp. 3d 847, 856 (E.D. Wis. 2015) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). This discretion "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). To determine "whether to stay a proceeding the following three factors are considered: '(1) whether litigation is at an early stage; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party.'" *Williams*, 92 F. Supp. 3d at 856 (quoting *Seaquist Closures LLC v. Rexam Plastics*, No. 08C0106, 2008 WL 4691792, at *1 (E.D. Wis. Oct. 22, 2008)). Relatedly, courts consider "whether a stay will reduce the burden of litigation on the

parties and on the court." *Fetai v. State Collection Serv., Inc.*, No. 18-CV-262, 2018 WL 11536801, at *3 (E.D. Wis. Dec. 14, 2018).

## II. ANALYSIS

Plaintiffs do not dispute that the litigation is at a relatively early stage, having filed the Complaint on May 12 and Defendants filing their first responsive briefing on July 27. However, remaining factors weigh against issuing a stay.

### A. Issuing a Stay Will Not Simplify the Issues in Question.

First, issuing a stay will not simplify any issues in this case. To be sure, a stay may have achieved this if this case were filed pre-*Chiles*, allowing this Court to await the Supreme Court's decision on the proper level of First Amendment scrutiny to apply. For example, the Sixth Circuit took this exact approach pre-*Chiles* in a similar challenge brought against a Michigan law akin to the Colorado law. *See* Order, ECF No. 49, *Catholic Charities v. Whitmer*, 1:24-cv-00718 (W.D. Mich. Jan. 20, 2026).

However, *Chiles* made clear that such laws or regulations are subject to strict scrutiny. There is nothing left to simplify. Each circuit now must apply strict scrutiny in response to any challenges brought against materially identical laws, regulations, or ordinances. Another Seventh Circuit district court recently acknowledged this, observing that *Chiles* "appears to control the outcome of this case" challenging a nearly-identical ordinance in the City of La Crosse and ordering the parties to brief that issue, after which "the court will resolve this case." *See* Order, ECF No. 79, *Buchman v. City of La Crosse*, 3:23-cv-00105 (W.D. Wis. July 14, 2026). Defendants implicitly acknowledge the finality of *Chiles* as well, admitting that the only action

left now is for a court to apply strict scrutiny. Yet Defendants ask this Court to rubberstamp, whenever the time comes, the strict scrutiny analysis conducted by another court in another federal circuit about another state's law.

This Court has reasoned that when evaluating a motion to stay, a "general principle is to avoid duplicative litigation," particularly when "a parallel suit is pending in another court." *Fetai v. State Coll. Serv., Inc.*, 2018 WL 11536801, at *3 (E.D. Wis. Dec. 14, 2018) (internal quotation omitted). However, the "Supreme Court has made it clear that staying an action so that a relevant legal question may be resolved by another district court is to be reserved for 'rare circumstances.'" *Fetai*, 2018 WL 11536801, at *4 (quoting *Landis*, 299 U.S. at 255 ("Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.'")). And notably, in *Fetai*, the "parallel suit" this Court evaluated was pending in *this* Court—not in a different district court in a different federal circuit. *See* 2018 WL 11536801, at *1.

Furthermore, if the Court were to issue a stay, doing so would depart not only from the approach recently taken in *Buchman* but in multiple circuit courts. Wisconsin is far from the only jurisdiction to face a challenge to a law or rule akin to the law in *Chiles*. The impact of *Chiles* has begun to reverberate in courts nationwide—and all in favor of the plaintiffs, including one case recently now concluding in favor of the plaintiff. *See, e.g.*, Order, *Catholic Charities*, ECF No. 58 (July 31, 2026 Order entering a stipulated agreement between the parties, declaring the Michigan law unconstitutional as to talk therapy and ordering a permanent

injunction of its enforcement, in light of *Chiles* and a Sixth Circuit ruling); Order, ECF No. 83, *Tingley v. Brown*, 3:21-cv-05359-TMC (reopening a challenge in order to apply strict scrutiny to a similar Washington law following *Chiles*) (W.D. Wash. July 30, 2026); *Wyatt Bury, LLC v. City of Kansas City*, 2026 WL 1906073 (8th Cir. July 2, 2026) (reversing and remanding a district court dismissal of claims supporting Plaintiff's request for injunctive relief, in light of *Chiles*).

Nevertheless, Defendants move for this Court to stay its proceedings until one particular court of their choosing rules on another state's law. If they agree to be bound by some other court, why not the Eighth Circuit? Why not the district court in Michigan? While Defendants have volunteered to tether their litigation position to the analysis conducted by a Colorado district court, doing so does not create a similar mandate for all parties and for this Court.

**B. Plaintiffs Would Be Unduly Prejudiced By a Stay.**

Defendants broadly argue that a stay "would not prejudice or disadvantage Plaintiffs in any way" because the Board has promised not to enforce the Rule "against Plaintiffs or any other licensees during the pendency of the Colorado action." ECF No. 11 at 4. Defendants note, however, that if the Colorado court upholds the Colorado law, all bets are off—and "Plaintiffs are free to seek preliminary injunctive relief from this Court." *Id*.

However, Defendants gloss over the looming threat of deferred enforcement. This silence is telling. With each passing day, Plaintiffs are exposed to additional

time by which the Board may receive a complaint and retroactively initiate an enforcement action if the enforcement pause is lifted.

As this Court acknowledged in *Fetai*, a decision on which Defendants rely (and where this Court denied a motion to stay), "in some cases a plaintiff may be harmed by being deprived of the opportunity to argue his case and instead be forced to defer to the arguments and strategy of attorneys he did not choose." 2018 WL 11536801, at *5. This is one such case. If a stay were granted, Plaintiffs would be forced to defer to Defendants' "wait-and-see" strategy for an untold length of time, then potentially be subjected to enforcement from actions arising during that period.

Because "there is a 'fair possibility' that a stay will prejudice" Plaintiffs, Defendants have the burden to establish a "clear case of hardship or inequity in being required to go forward." *See Fetai*, 2018 WL 11536801, at *4 (quoting *Landis*, 299 U.S. at 255)). Yet Defendants have not offered any reason why they would be harmed—let alone a "clear case of hardship or inequity." *See id*. Without any such rationale, this factor also weighs against granting a stay.

### C. A Stay Would Not Necessarily Reduce the Parties' Litigation Burden.

Granting a stay would not necessarily reduce the burden on the Parties, given that Defendants' position is that they may or may not concede depending on the outcome of some other litigation that is not in any way binding on this Court. If Defendants cannot meet strict scrutiny (and they cannot), then they should concede now and agree to a consent decree, as defendants in similar litigation in other states have done. *That* would reduce the litigation burden. If they believe they can meet

strict scrutiny, then they should do so, without unnecessary delay that prejudices Plaintiffs.

In adopting Defendants' desire to tether their litigation position to the outcome in Colorado, this case would likely proceed in one of two directions: (1) the Colorado court strikes down the Colorado law, which will lead to a likely consent agreement and order declaring the Rule unconstitutional as to talk therapy and enjoining its enforcement; or (2) the Colorado court upholds the Colorado law, prompting the parties to litigate whether the Rule survives strict scrutiny.

If the second option occurs, the Parties' litigation burden would not be reduced at all—the inevitable briefing on how strict scrutiny applies to the Rule would simply be deferred. Indeed, by arguing in their Motion that a stay has "great potential" to reduce the parties' litigation burden, Defendants are effectively admitting that a stay may not reduce the litigation burden at all but merely postpone it. *See* ECF No. 11, at 4.

## IV. CONCLUSION

Defendants' desire to adopt the ruling of a court of its own choosing, with no binding authority on this Court, does not rise to the level of a "rare circumstance" warranting a stay here. A stay would not simplify the issues in question, as *Chiles* has already set forth the standard by which to analyze the Rule. In addition, as long as the Rule remains on the books, Plaintiffs risk violating it—potentially jeopardizing their state licensure and incurring other serious penalties—just for practicing their profession in accordance with their sincerely-held beliefs. And finally, granting a stay

would not necessarily reduce the Parties' litigation burden. Accordingly, Plaintiffs oppose Defendants' Motion to Stay.

Dated: August 17, 2026

Respectfully Submitted,

WISCONSIN INSTITUTE FOR
LAW & LIBERTY

*/s/ Rebecca C. Furdek*

Daniel P. Lennington (WI Bar No. 1088694)
Luke N. Berg (WI Bar No. 1095644)
Rebecca C. Furdek (WI Bar No. 1101543)

1241 North Franklin Place
Milwaukee, WI 53202
Phone: (414) 727-9455

Dan@will-law.org
Luke@will-law.org
Rebecca@will-law.org

*Attorneys for Plaintiffs*